# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2022

Lyle W. Cayce
Clerk

No. 20-60985
Summary Calendar

Cyprine Yunga Mbah,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 455 558

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Cyprine Yunga Mbah, a native and citizen of Cameroon, timely petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA upheld the Immigration Judge's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60985

based on a negative credibility determination. He generally argues that the credibility finding was not based on substantial evidence. He also offers argument regarding his underlying asylum claims.

We review the Board's decision and consider the Immigration Judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). This court will not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

We are not compelled to find that the credibility finding was improperly made. The record shows that inconsistencies exist internally in the testimony and between the testimony and the asylum application. An Immigration Judge may rely on "*any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal citation and quotation marks omitted). Additionally, the Immigration Judge is in the best position to assess demeanor and nonresponsive answers. *Avelar-Oliva v. Barr*, 954 F.3d 757, 772 (5th Cir. 2020). Without credible evidence we have no basis to consider any of the other arguments Mbah raises regarding his asylum claims. *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

DENIED.